[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
{¶ 1} Appellant, James R. Kajfasz, appeals from a decision from the Ohio Court of Claims overruling appellant's objections to a magistrate's report and adopting it as the court's final decision in favor of appellee, the Ohio Department of Rehabilitation and Correction ("ODRC"). Appellant's complaint alleged that ODRC failed to provide proper dental care to appellant pursuant to R.C. 5120.26. Appellant brings the following assignment of error:
 {¶ 2} "The trial court erred in determining that the defendant could shift the burden of providing for his own medical care to the plaintiff."
 {¶ 3} Appellant's argument is, essentially, that the trial court's decision is against the manifest weight of the evidence. When reviewing a trial court's decision on a manifest weight of the evidence basis, we are guided by the presumption that the factual findings of the trial court were correct. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The rationale for this presumption is that the trial court is in the best position to evaluate the evidence by viewing witnesses and observing their demeanor, voice inflections, and gestures. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77. Thus, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279.
 {¶ 4} Appellant began his incarceration in April 1999, and presently is an inmate of the Allen Correctional Institution ("ACI"). During the period stretching from June 1999 through May 2000, appellant made a number of complaints in writing to the appropriate individual at ACI about the failure of proper dental care during his stay.
 {¶ 5} The magistrate at the Court of Claims carefully reviewed these claims and found them to be without merit. The magistrate found that appellant has received a substantial amount of dental care, including among other things the cleaning of his teeth, the insertion of a filling, the extraction of one tooth, receipt of pain medication for his dental problems, care for a gum inflammation which involved antibiotics, and treatment for an infected tooth involving more antibiotics. The institutional records provided indicate that appellant has also received frequent and prolonged medical attention for medical conditions unrelated to his dental problems.
 {¶ 6} Appellant's only present dental problem is a mild swelling of one gum which is being treated.
 {¶ 7} A full hearing on appellant's claims was held and the magistrate's report notes that the two dentists who treated appellant testified at length concerning the treatment set forth above, the institutional policies for inmate dental care, and their final diagnosis, that is to say, a mild gum infection which is being treated and the future need for the insertion of a dental prosthesis due to the extraction of a tooth. The two doctors' testimony was that all of the dental care rendered to appellant met the applicable community standard of care. Appellant apparently presented no expert testimony to rebut this.
 {¶ 8} Before us are the magistrate's decision, the decision of the Court of Claims overruling appellant's objections, and the relevant documentary exhibits. Appellant has not provided a transcript of the proceedings (if available), or if unavailable an App.R.9(C) statement of the evidence as is his responsibility. We will accordingly presume the correctness of the trial court proceedings where the record is lacking to substantiate appellant's contentions of error. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 9} Our review of the record and the magistrate's decision does not support appellant's contention that the trial court's decision is against the manifest weight of the evidence. There is competent, credible evidence to support the decision in every respect. Appellant did not establish that his treatment fell below the acceptable standard of care, or that the institution was negligent in applying its procedures for prioritizing and dispensing care.
Accordingly, the decision of the Ohio Court of Claims is affirmed.
Judgment affirmed.
PETREE, P.J., and KLATT, J., concur.
Justice J. Craig Wright, retired of the Ohio Supreme Court Assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.